FILED

NOV 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISABETH J. DE TELDER-COLLINS; JOHN COLLINS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WACHOVIA MORTGAGE, FSB, FKA World Savings Bank; et al., <br><br> Defendants - Appellees. | No. 10-55498 <br><br> D.C. No. 5:09-cv-01574-JLQ-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Justin L. Quackenbush, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Elisabeth J. De Telder-Collins and John Collins appeal pro se from the

district court's judgment dismissing their action arising out of foreclosure

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*King v. California*, 784 F.2d 910, 912 (9th Cir. 1986).  We affirm in part and dismiss in part.

Appellants' contentions, including those concerning Wachovia's standing to proceed with foreclosure, are unpersuasive.

We lack jurisdiction to review the district court's order denying appellants' motion to reconsider because appellants failed to separately appeal that order.  *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam); *Alaska v. United States*, 201 F.3d 1154, 1163-1164 (9th Cir. 2000) ("Where a party does not ask the district court for leave to amend, 'the request [on appeal] to remand with instructions to permit amendment comes too late.'" (citation omitted)).

**AFFIRMED in part and DISMISSED in part.**

10-55498